

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

June 2, 2005

Lois M. Lewis, Esq.
74 Fuller Terrace
Newton, Massachusetts  02465

Re:  Chuong Tran; Attached Criminal Information

Dear Ms. Lewis:

     This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Chuong Tran ("Defendant"), in the above-captioned case.  The Agreement is as follows:

     1.   Change of Plea

     At the earliest practicable date, Defendant shall waive indictment and plead guilty to Count One of the Information attached hereto as Exhibit A.  Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in Count One of the Information, and is in fact guilty of that offense.  Defendant further agrees to the accuracy of the facts set forth in the Information.

     2.   Penalties

     Defendant faces the following maximum penalties:

Five years' imprisonment, 18 U.S.C. § 371; a fine of $250,000, 18 U.S.C. § 3571(b)(3); three years' supervised release, 18 U.S.C. §§ 3559(a)(4); 3583(b)(2); and the $100 mandatory special assessment, U.S.S.G. § 5E1.3, 18 U.S.C. § 3013.

     Defendant may also be deportable and/or excludable by the United States Bureau of Immigration and Customs Enforcement as a

consequence of his conviction of the offense to which he is pleading guilty.

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, as so modified, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree to take the following positions at sentencing under the United States Sentencing Guidelines:

The November 1, 2004, Guidelines Manual applies. U.S.S.G. § 1B1.11. All Guidelines citations are to the November 1, 2004 Manual.

The applicable Guideline is U.S.S.G. § 2T1.9.

The Base Offense Level is 10. § 2T1.9(a)(2). There was a tax loss as a result of the offense, but the amount of the loss cannot be established and, as a result, the cross-references in § 2T1.9(a)(1) do not result in an offense level higher than 10. The specific offense characteristics set forth in § 2T1.9(b) do not apply.

No adjustment is warranted for Defendant's role in the offense under U.S.S.G. §§ 3B1.1 or 3B1.2.

Defendant has a Criminal History Category of I.

If Defendant is given a two-level reduction for acceptance of responsibility as further described below, the resulting Offense Level will be 8, the Guideline sentencing range will be 0 to 6 months pursuant to the Sentencing Table, and the Guideline fine range will be from $1,000 to $10,000 pursuant to U.S.S.G. § 5E1.2. If imprisonment is imposed, the Court may also impose a term of supervised release of three years pursuant to 18 U.S.C. §§ 3559(a)(4) and 3583(b)(2), and U.S.S.G. §§ 5D1.1(b) and 5D1.2(a)(2).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1(a).

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney and the Defendant agree to recommend the following sentence before the District Court:

    (a)  Eighteen months' probation, pursuant to U.S.S.G. §§ 5B1.1(a)(1), 5B1.2(a)(1);

    (b)  A fine within the applicable Guideline range ($1,000 to $10,000 at level 8), unless the court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine; and

    (c)  A mandatory special assessment of $100.

Defendant must, within six months of sentencing or release from custody, whichever is later:

    (a)  Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

    (b)  Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    (c)  Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    (d)  File accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    (e)  Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the

U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

> (1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000; and
>
> (2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $3,000 per month.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete, and provide to the U.S. Attorney's Office, a full, complete, and accurate sworn financial statement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

5

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole

6

discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets, and to provide the same information to the U.S. Attorney's Office.

10. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds

for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement signed by the Defendant and his attorney on or about February 3, 2003, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer agreement signed by the Defendant and his attorney on or about February 3, 2003. This Agreement supersedes all prior understandings of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney James D. Herbert.

          Very truly yours,

          MICHAEL J. SULLIVAN
          United States Attorney

By: _____
          LAURA J. KAPLAN
          Assistant U.S. Attorney
          Chief,
          Organized & Violent Crime Section

          JAMES D. HERBERT
          Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
CHUONG TRAN
Defendant

Date: 06/06/05

I certify that Chuong Tran has read this Agreement and has had this Agreement read to him in his native language, and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Lois M. Lewis, Esq.
Attorney for Defendant

Date: 06-06-05

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```
                                            **GOVERNMENT EXHIBIT A**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. |
| ) | 18 U.S.C. § 371 |
| CHUONG TRAN ) | (Klein Conspiracy) |
| ) | |
| Defendant ) | |

## INFORMATION

The United States Attorney charges that:

### COUNT ONE

[18 U.S.C. §371]

(Conspiracy)

1. From on or about May 15, 1998, through on or about January 25, 2002, in the District of Massachusetts and elsewhere, the defendant,

**CHUONG TRAN**

and others known and unknown to the United States Attorney did knowingly, wilfully and unlawfully conspire, confederate and agree together to defraud the United States by impeding, impairing, obstructing and defeating the lawful Governmental functions of the Internal Revenue Service of the Treasury Department (hereafter, "IRS"), an agency and department of the United States, in the ascertainment, computation, assessment, and collection of revenue.

### INTRODUCTION

2. At all times material to this Information, the Defendant, **CHUONG TRAN**, was a resident of Lowell or Fitchburg, Massachusetts, and was involved with others in the ownership, management, and

operation of a temporary employment business known as United Placement, Inc. ("United Placement").

3.  United Placement was incorporated by **CHUONG TRAN** and another individual as a Massachusetts corporation on or about May 15, 1998. **CHUONG TRAN** was a shareholder of United Placement, was Vice President of United Placement at the time of incorporation, and later became President of United Placement.

4.  United Placement had an office at 337 Westford Street, #4, Lowell, Massachusetts, operated from that location and others in the greater Lowell area, and was in the business of supplying temporary workers to client companies in the greater Lowell area.

## MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

5.  **CHUONG TRAN** and his co-conspirators operated United Placement in a way designed, and intended by them, to conceal United Placement's actual income, their own actual individual income, and their temporary employees' income from the IRS.

6.  A primary purpose and objective of the conspiracy was to defraud the United States by impeding, impairing, obstructing and defeating the IRS in ascertaining, computing, assessing, and collecting revenue.

7.  Among other things, **CHUONG TRAN** and his co-conspirators:

2

A. recruited temporary workers, a substantial number of whom they knew and believed were receiving welfare or other forms of public assistance, and therefore wished to receive cash income that they would not report for income tax and other purposes;

B. recruited the temporary workers to work at hourly wages lower than such workers would otherwise accept, based on their mutual understanding with the workers that United Placement would pay the wages in cash, and that those wages would not be subject to any withholdings and would not be reported to the IRS;

C. placed numerous temporary workers at client companies, received payments for the workers' services from the client companies by check, and cashed those checks, using the cash to pay the temporary workers "under the table" without withholding for income taxes or otherwise; and

D. prepared, filed, and caused to be prepared and filed, corporate Employer's Quarterly Federal Tax Returns and Employer's Annual Federal Unemployment (FUTA) Tax Returns on behalf of United Placement which substantially understated United Placement's number of employees, total wages and other

compensation paid to its employees, and amounts of taxes due.

### OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, **CHUONG TRAN** and his co-conspirators committed the following overt acts, among others, in the District of Massachusetts and elsewhere:

8.  On or about the dates set forth below, **CHUONG TRAN** and his co-conspirators filed and caused to be filed the following federal employment tax returns on behalf of United Placement, which returns were materially false in that, among other things, they substantially understated United Placement's number of employees, total wages and other compensation paid to its employees, and amounts of taxes due:

A.  Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 3/31/99, filed on or about 4/22/99.

B.  Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 6/30/99, filed on or about 7/29/99.

C.  Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 9/30/99, filed on or about 10/31/99.

D.  Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 12/31/99, filed on or about 1/28/00.

F.  Form 940-EZ Employer's Annual Federal Unemployment (FUTA) Tax Return for the year ending 12/31/99, filed on or about 1/28/00.

G.   Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 3/31/00, filed on or about 4/27/00.

H.   Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 6/30/00, filed on or about 7/18/00.

I.   Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 9/30/00, filed on or about 10/31/00.

J.   Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 12/31/00, filed on or about 1/29/01.

K.   Form 940-EZ Employer's Annual Federal Unemployment (FUTA) Tax Return for the year ending 12/31/00, filed on or about 1/29/01.

L.   Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 6/30/01, filed on or about 8/1/01.

M.   Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 9/30/01, filed on or about 10/27/01.

N.   Form 941 Employer's Quarterly Federal Tax Return, for the quarter ending 12/31/01, filed on or about 1/25/02.

      O.    Form 940-EZ Employer's Annual Federal Unemployment (FUTA) Tax Return for the year ending 12/31/01, filed on or about 1/25/02.

All in violation of Title 18, United States Code, Section 371.

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                              By: _____
                                 JAMES D. HERBERT
                                 Assistant U.S. Attorney

Date: _____