UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                           CRIMINAL NO. 05-10141-JLT

CHUONG TRAN

    Defendant

### SENTENCING MEMORANDUM FOR THE DEFENDANT

The defendant, Chuong Tran "Tran" through counsel, respectfully submits this sentencing memorandum:

**Factual Background**

On June 7, 2005 a one count Information was filed that charged Chuong Tran with a _Klein_ conspiracy, 18 U.S.C. § 371, that from on or about May 15, 1998 through on or about January 25, 2002, Tran and others conspired to "defraud the United States by impeding, impairing, obstructing and defeating the Internal Revenue Service, "IRS", in ascertaining, computing, assessing and collecting revenue".

On June 27, 2005 Tran waived indictment and entered a plea of guilty to the Information pursuant to a plea agreement. The court accepted the plea and disposition is now scheduled for November 21, 2005.

**Offense**

At United Placement Inc., a temporary employment agency, Tran and his co-conspirators recruited temporary workers, many of whom were receiving some form of public assistance. These temporary workers were then placed with various client companies. The client companies paid United Placement, Inc. for the services of these

temporary workers. Then the temporary workers were paid in cash "under the table". This "cash income" was not subject to any withholding for taxes or otherwise, and this income was not reported to the IRS. United Placement, Inc. prepared and filed corporate Employer's Quarterly Federal Tax Returns and Employer's Annual Federal Unemployment Tax Returns that substantially understated United Placement's number of employees, their total wages and any other compensation paid to its employees, the actual total income of United Placement, Inc. and their own individual incomes.

**Offense Background**

In the course of an investigation of temporary work centers in Massachusetts, the government obtained a substantial amount of incriminating information pertaining to Chuong Tran, who had been involved in the temporary work center business for a number of years. In late 2002, the government made arrangements, through an attorney who represented Tran, to meet with Tran and this attorney. On December 12, 2002 a government counsel and an investigative agent of the Internal Revenue Service, Criminal Investigation Unit, met with Tran and his attorney and disclosed to them information indicating that Tran had been involved in criminal activity including committing certain tax violations. Tran agreed to provide a proffer of information to the government.

On February 3, 2002 Tran executed a written proffer agreement. In the presence of his attorney Tran began his proffer of information to the government. It eventually became clear during Tran's proffer that the attorney representing Tran had been directly involved in events that were under investigation and so he withdrew. Undersigned counsel was appointed to work out a plea agreement. There were several more sessions with Tran and counsel, the government attorney and the investigating agent. Numerous

telephone conversations, faxes and e-mails among the parties eventually culminated in the present plea agreement with its agreed on sentencing recommendation of eighteen months probation. (The government has not filed a § 5K1. motion for substantial assistance).

### Application of the United States Sentencing Guidelines

The applicable section of the United States Sentencing Guidelines "Guidelines" for this conspiracy is § 2T1.9. Since the loss cannot be determined the base offense level is 10, the greatest offense level. As Tran has accepted responsibility, a two level reduction is to be applied, § 3E1.1(a). Based upon a total offense level of 8 and with a criminal history category I, the advisory sentencing range is 0 to 6 months. Since this sentencing range falls into Zone A of the sentencing table, a term of probation is a sentencing alternative. § 5B1.1(a)(1) and 18 U.S.C. § 3561.

### Sentencing After United States v. Booker

The Supreme Court in United States v, Booker, 125 S.Ct. 738 (2005) made the Guidelines "effectively advisory" Booker, 125 S.Ct. at 757. The sentencing court could consider the Guideline sentencing range, 18 U.S.C. § 3553(a)(4), and then tailor a sentence in light of other statutory concerns as well. 18 U.S.C. § 3553(a).

The sentencing recommendation in the plea agreement of eighteen months probation meets all of the goals and factors set forth in 18 U.S.C. § 3553(a). It is a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing. United States v. Booker; United States v. Crosby, 397 F.3d.103, 111-112 (2nd. Cir. February 2, 2005); United States v Hughes, 401 F.3d. 540, 546 (4th. Cir. March 16, 2005).

**Factors the court shall consider in determining a sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing**, 18 U.S.C. § 3553(a)

The court, in determining a sentence shall consider the factors set forth in section 18 U.S.C. § 3553(a) to the extent that they are applicable, recognizing that *imprisonment is not an appropriate means of promoting correction and rehabilitation*." 18 U.S.C. § 3582.

    1. Nature of the offense

Although this offense is a serious felony, it did not involve threats of violence or actual violence. The victim was the Internal Revenue Service. The loss cannot be determined.

    II. Characteristics of the Offender

The Pre Sentence Sentence Report states that Tran was born February 16, 1950 in Vietnam. His family were farmers until the Communists took control of the government. In 1967 at age eighteen Tran entered the Special Forces and assisted the American military. Tran was in active combat until 1970, and, he bears the scars from battles both in Cambodia and Vietnam. In 1975 Tran was arrested as a prisoner of war for this assistance to the American military. Tran remained in a concentration camp until 1978 when he was released on "probation". Due to his military involvement and with the assistance of government personnel, Tran was able to come to this country in 1986. [1]

    III. Reviewing some of the factors in the instant matter made relevant for sentencing after <u>United States v. Koon,</u> 518 U.S. 81, 85 (1996) and now with the <u>Booker</u> decision, the court may consider Tran's age, 55 years, and his lack of any criminal

---

[1] Although Tran may not have had a disadvantaged youth or family background, it does differ vastly from that of the conception of family in this country. Guidelines § 5H1.12

history.  Two consequences of his age become apparent: after age 40 the recidivism rate drops dramatically [2] and imprisonment for an older inmate, never previously incarcerated, may be a greater punishment because he is at risk of being preyed upon and abused by younger inmates, especially if there is little to no social support in the prison setting.

      IV.  Tran's education and vocational skills are quite limited.  His formal education ended at the eighth grade in Vietnam.  His vocational skills are confined to the field of agriculture.  As a result of this Tran's employment has been mostly as a temporary worker.  Tran's inability to speak English has complicated any opportunities for employment.

      V.  Family ties and responsibilities have been very important to Tran.  He is presently caring for his eleven-year-old daughter who resides with him.  When he was able he sent monies to his children who are residing in Vietnam and Texas.  He even assisted in the building of two temples in Vietnam.  He has been in constant communication with his children.

      VI.  Although the government has not filed a motion for substantial assistance, a review of the earlier proceedings indicates that Tran has more than simply accepted responsibility.  When requested Tran discussed his involvement in the offense with the government.  Tran came into the courthouse on several occasions.  When court appearances were scheduled, Tran appeared voluntarily.  From the initial stages in 2002 to the present, Tran has remained on personal recognizance.  During this time he has attempted to provide further information about temporary work companies such as the

---

[2] Report of U.S. Sentencing Commission: *Measuring Recidivism, The Criminal History Computation of the Federal Sentencing Guidelines* (May 2004)

one charged in the Information.  Extensive gambling in his apartment building has prompted Tran to report the license number of vehicles parked near the building to law enforcement.  His concern for this illegal activity has caused Tran to move with his daughter to a safer and more desirable residence recently. [3]

In addition Tran's cooperation may reflect a reduced likelihood of recidivism because in doing so Tran has cut ties with any former criminal associates.  His conduct from 2002 to the present has been "significant" for it reveals the characteristics of this defendant and provides a demonstration of his genuine contrition

As the Supreme Court said in Koon, every convicted person is an individual and every case is a unique study in human failings.  The Guidelines in the Commentary to § 5K2.0, the opinions by the Supreme Court in Koon and Booker and other case law have recognized this and have imposed on the sentencing courts an obligation to consider the totality of the circumstances in each case.  An eighteen-month sentence of probation reflects the seriousness of this offense, provides a just punishment and will afford adequate deterrence for such criminal conduct in the future.

In the instant case probation is equally as sufficient as incarceration because probation can monitor Tran, help him to find employment and perhaps even assist him in developing his language skills.

**Conclusion**:

For the foregoing reason the defendant, Chuong Tran, respectfully requests that a sentence of eighteen months, as agreed upon by the parties, is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

---

[3] Probation noted this gambling in the Pre Sentence Report, paragraph 62.

November 14, 2005

                                                CHUONG TRAN

                                                By his attorney

                                                /s/ Lois Lewis

                                                Lois Lewis  
                                                74 Fuller Terrace  
                                                West Newton, MA 02465  
                                                Tel: (617) 969-4854  
                                                BBO # 298580